Memorandum. The order of the Appellate Division should be affirmed.
Paragraph 3 of the 1966 agreement provided that the parties would share any funds received by reason of the claim for extra work or any other claim asserted by Comspace in its contract with the U. S. Supply Agency. Paragraph 10 of the same agreement provided that Lomart would indemnify Comspace from any loss under the contract with the agency.
The underlying contract resulted in a claim for extra work done and was finally resolved by the Armed Services Board of Contracts Appeals. At the hearing on this matter the governmental agency asserted a setoff based on the subcontractor Lomart’s delay in performance. The board found that the claim for extra work was warranted in the amount of $103,915.75. In addition, the board found that by virtue of Lomart’s delay the Government was entitled to a setoff of $74,582.44.
In our view Paragraph 10 requires Lomart to indemnify Comspace in the amount attributable to Lomart’s delay, and under Paragraph 3 the parties were obligated to share the amount allowed on the claim for extra work. Accordingly, the Appellate Division properly concluded that Comspace was entitled to 29% of the sum awarded, or $30,135.57. Since it received less, appellant is liable for the difference. In addition respondent is entitled to receive from appellant 71% of any sums expended for attorneys fees under this agreement.
*917 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur; Chief Judge Breitel concurs on the ground that the agreement is unclear and the plaintiff, having the burden of establishing its case, has failed to establish that it should recover.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.